(155 App. Div. 506.)

### LEONARD v. MONTAGUE.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

1. SALES (§ 479*)—CONDITIONAL SALES—RESALE BY VENDOR—STATUTORY REQUIREMENTS.

Laws 1897, c. 418, § 116, as amended by Laws 1900, c. 762, and sections 117, 118, requires conditional vendors after retaking property upon a default in payment to retain it for 30 days, during which the vendee may comply with the contract and receive the property, provides that, after the expiration of such period, the vendor may sell the property at public auction, and that, unless it is sold within 30 days after the expiration of such period, the vendee may recover all payments made by him, and requires the vendor to give notice of the sale. *Held*, that a vendee who consents to and actively co-operates in bringing about a sale within 30 days after the property is retaken waives compliance with the statute, and cannot recover the payments.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CORPORATIONS (§ 399\*)—OFFICERS—APPARENT AUTHORITY.**

The president and treasurer of a corporation had apparent authority where property purchased under a conditional contract of sale was retaken by the vendor to waive the statutory requirement relative to retaining the property for 30 days, and giving the vendee notice of the sale.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1588, 1602–1610; Dec. Dig. § 399.\*]

**3. CORPORATIONS (§ 399\*)—OFFICERS—APPARENT AUTHORITY.**

The president and treasurer of a corporation had no implied authority, where property purchased was retaken by the conditional vendor, to waive the corporation's claim to the surplus realized upon a resale above the amount due on the purchase price.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1588, 1602–1610; Dec. Dig. § 399.\*]

Appeal from Trial Term, New York County.

Action by Frederick M. Leonard, as trustee in bankruptcy of Winchell Studio & Chasmar Press, against Frank L. Montague. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry B. Twombly, of New York City, for appellant.
William C. Davis, of New York City, for respondent.

SCOTT, J. The action is by a trustee in bankruptcy of the Winchell Studio & Chasmar Press Company, a corporation, which was adjudicated a bankrupt on January 23, 1909; plaintiff having been appointed trustee on June 24th of the same year. The transactions leading up to the present controversy began in 1907, when the defendant sold to the Chasmar Printing Company, the assignor of the bankrupt, three color printing presses for the sum of $16,840 under a conditional bill of sale, whereby title was retained in the vendor until the full payment of the consideration, of which, however, only $3,040 was actually paid. In December, 1908, the Sprague Electric Company sold to the Chasmar Printing Company five electric motors for $1,785, under a like conditional bill of sale retaining title in the vendor until payment of the consideration, of which only $1,082.20 was paid. There is a disputed item of about $800 claimed to have been paid on account of the presses by the surrender and cancellation of certain notes, which is not considered in the foregoing estimate of the sums paid; the evidence relating thereto being far from clear. Defendant subsequently acquired from the Sprague Electric Company all of its interest in and rights respecting the five motors. In 1908, the Chasmar Printing Company became merged in the bankrupt corporation which acquired all of its right, title, and interest in and to the presses and motors, and assumed its obligations to pay the balance of the purchase price.

Following upon the failure of the bankrupt to pay for the presses and motors in accordance with the bills of sale, defendant took possession of them and sold them, at private sale, to a concern known as

the Chasmar-Winchell Press, for a price which apparently netted a substantial sum over and above all that was then due upon them. Plaintiff sues upon three causes of action, but seeks to recover only upon two, one having been waived upon the trial. His remaining claims are, first, that he is entitled to recover all that had been paid upon the presses and motors because defendant failed to keep the goods for 30 days after having taken possession of them, and failed to give notice of sale (Laws 1897, c. 418, §§ 117, 118; Laws 1900, c. 762, § 116); second, that he is entitled to recover the balance, whatever it was, realized by defendant upon the resale over and above the amounts then due upon the presses and motors.

[1, 2] The trustee, of course, succeeds to all the rights of the bankrupt, and is entitled to recover upon the first cause of action unless the defendant has made out his defense of waiver, for concededly the defendant failed to comply with the provisions of the statutes above cited. The evidence upon which the jury found that strict compliance with the statutes had been waived was to the effect that the president and treasurer of the Winchell Studio & Chasmar Press, which had not then been adjudicated a bankrupt, had not only consented to, but had actively co-operated in bringing about the sale at the time and in the manner in which it was made. This was sufficient to established a waiver, and it was within the apparent scope of the power of these officers. The defendant was therefore justified, upon the evidence as it stood when the case was submitted to the jury, in considering that the strict requirements of the statutes had been waived. Upon these issues we think that the verdict was justified.

[3] As to plaintiff's claim for the surplus of the amount realized upon the resale over and above the amount due, we cannot see that any defense was made out. The officers of the bankrupt did not undertake to waive or release any claim to that, and, if they had done so, their act would have been ineffective as exceeding their implied authority. Just what the surplus amounted to it is difficult to say. The plaintiff, upon different theories, claims various sums upon this count ranging from $2,137.80 to $1,005, which latter he deems the irreducible minimum. The defendant, on the other hand, claims that, if proper allowance were made for interest on deferred payments and for expenses incurred by defendant, there would be found to be no surplus. Whether he is entitled to these allowances, and, if so, how much they come to, cannot be determined upon the evidence before us.

It follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.